IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JUSTIN DALCOLLO,<br>　　　Plaintiff,<br><br>v.<br><br>ALMA MARTIJA, *et al.*,<br>　　　Defendants. | Case No. 1:25-cv-01365-JEH |

### Order

Plaintiff, proceeding *pro se* and currently incarcerated at Menard Correctional Center, pursues an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). Now before the Court is Plaintiff's Petition to Proceed *in forma pauperis* ("IFP Petition"). (Doc. 12). For the reasons stated below, Plaintiff's IFP Petition is DENIED.

### I

Prior to conducting a merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court must determine if Plaintiff has made the requisite showing that he is under imminent danger of serious physical injury because he has accumulated at least three strikes under § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The Court must make its own determination regarding whether previous dismissals count as "strikes." *Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

The Court's review of Plaintiff's litigation history discloses three potential strikes: *Dalcollo v. Walsh, et al.*, Case No. 22-2721, Doc. 13 (N.D. Ill. Aug. 23, 2022) (case dismissed for failure to state a claim); *Dalcollo v. Warden, et al.*, Case No. 23-0828, Doc. 21 (S.D. Ill. May 17, 2023) (case dismissed for failure to state a claim); and *Dalcollo v. Wills, et al.*, Case No. 23-2348, Doc. 16 (7th Cir. Feb. 20, 2024) (affirmance for failure to state a claim was a "strike" under § 1915(g)). The Court finds that each of these dismissals counts as a strike pursuant to § 1915(g). Plaintiff can proceed *in forma pauperis* only if his Complaint sufficiently alleges that he is under imminent danger of serious physical injury.

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat ...is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice. *Heimermann*, 337 F.3d at 782. The second prong, danger, must be of "serious physical injury." § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff alleges he was arrested and detained at the DuPage County Jail ("Jail") in 2006. Defendant Dr. Alma Martija, a physician at the Jail, allegedly denied Plaintiff his asthma inhaler and claimed she could "heal [him] with hypnotic induced medicine." (Doc. 1 at p. 3).

Plaintiff alleges he experienced several asthma attacks. Between 2019 and 2022, Plaintiff alleges he was hospitalized at outside medical facilities and in the

infirmary units at the Jail, Menard Correctional Center ("Menard"), Lawrence Correctional Center ("Lawrence"), and Pontiac Correctional Center ("Pontiac").

Plaintiff alleges he was transferred to the Stateville Northern Receiving Center ("Stateville NRC") in May 2022. Plaintiff alleges Defendant Dr. Martija, who was also a physician at Stateville NRC, conspired with Dr. John Doe to deprive Plaintiff of his inhaler.

Plaintiff alleges he was transferred to Menard in 2022. Defendant Angela Crane, the Medical Administrator at Menard, allegedly denied Plaintiff his inhaler, causing him to suffer multiple severe asthma attacks.

Plaintiff states he was transferred to Lawrence in March 2023. While at Lawrence, Plaintiff alleges he was placed in the infirmary multiple times due to his asthma. On December 15, 2023, Plaintiff was rushed to Lawrence Memorial Hospital. Plaintiff alleges Defendant Greentree, a correctional officer at Lawrence, was deliberately indifferent to his asthma.

Plaintiff was transferred to Pontiac. Between August 6-20, 2025, Plaintiff alleges unidentified Wexford nurses lied about his medical inhaler, causing him to suffer chest pain. Plaintiff alleges he suffered from PTSD and anxiety and was placed with an individual who threatened to sexually assault him while he was in segregation. Plaintiff also alleges Defendant Dr. Alford, a physician at Pontiac, was deliberately indifferent to his serious medical needs because he did not order a medical diet for Plaintiff's diverticulitis. On an unknown date, Plaintiff was transferred to Menard.

Plaintiff has not sufficiently alleged he is under imminent danger of serious physical harm. Although Plaintiff raised issues that could constitute violations of his constitutional rights, Plaintiff has not established that he faces a genuine emergency where "time is pressing" or a "threat . . . is real and proximate" because his allegations relate to past issues at other facilities. *See Heimermann*, 337 F.3d at

782. Therefore, Plaintiff's IFP Petition is DENIED. Plaintiff will have 21 days in which to pay the $405 filing fee, or this case will be dismissed without prejudice.

## II

Plaintiff also filed a "Motion of Notice of Serial Killer in Texas" stating he knows who killed individuals in Texas and that "Mrs. Eppy is still alive." (Doc. 14). Plaintiff's Motion is unrelated to the allegations in this case and contains no discernable request for relief. Plaintiff's Motion is DENIED. Plaintiff is admonished that further filings unrelated to this case will be stricken.

**IT IS THEREFORE ORDERED:**

1. **For the reasons stated in this Order, Plaintiff's Petition to Proceed *in forma pauperis* [12] is DENIED. Plaintiff is DIRECTED to pay the $405 filing fee in full within 21 days of this Order. If Plaintiff fails to pay the $405 filing fee within 21 days, this case will be dismissed without prejudice.**

2. **Plaintiff's Motion of Notice of Serial Killer in Texas [14] is DENIED.**

*It is so ordered.*

Entered: November 17, 2025

s/Jonathan E. Hawley
U.S. District Judge